```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

PETER SWANNIE                    §
                                 §
VS.                              §   CIVIL ACTION NO. 4:11-CV-338-Y
                                 §
THE BANK OF NEW YORK, MELLON,    §
et al.                           §
```

ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss (doc. 16) filed by defendants The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-19CB, Mortgage Pass-Through Certificates, Series 2006-19CB ("Bank of New York"), and Bank of America, N.A. ("Bank of America"), as successor by merger to BAC Home Loans Servicing, L.P. ("BAC"). After review, the Court will grant the motion.

I.  Background

In June 2006, Cheryl L. Hendrix obtained a mortgage loan from Countrywide Home Loans, Inc. (Pl.'s Am. Compl. ¶ 9.) The loan is evidenced by a promissory note, and the note is secured by a deed of trust naming Mortgage Electronic Systems, Inc. ("MERS"), as beneficiary. (*Id.*) In January 2011, the deed of trust was assigned to Bank of New York and recorded in the official public records of Tarrant County, Texas. (*Id.* ¶¶ 14-15.) BAC apparently became the servicer of the loan on behalf of Bank of New York. (*Id.* ¶¶ 16-17.)

Despite the foregoing, plaintiff Peter Swannie claims to be the "equitable owner" of the mortgage property "under a contract for deed." (*Id.* ¶ 10.) Swannie alleges that he "assumed the [l]oan by conduct of the parties in his dealing directly with BAC and in BAC's acceptance of payments directly from [him]." (*Id.*) According to Swannie, the mortgage property "was at all times pertinent to this case and now remains [his] permanent residential homestead." (*Id.* ¶ 11.)

On April 5, 2011, Swannie filed the instant lawsuit in the 141st Judicial District Court, Tarrant County, Texas, challenging Defendants' authority to initiate foreclosure proceedings on the mortgage property and complaining of certain conduct on the part of BAC in connection with the servicing of the mortgage loan. Defendants subsequently removed the case to this Court, and Swannie filed an amended complaint. The amended complaint contains claims for (1) "Fraudulent Lien Related Instrument," (2) violations of the Texas Debt Collection Act ("TDCA"), (3) violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), (4) negligent misrepresentation, (5) violations of the Texas Property Code, (6) breach of contract, and (7) unreasonable collection efforts. By the instant motion, Defendants seek dismissal of those claims under Federal Rule of Civil Procedure 12(b)(6).

II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See* Fed. R. Civ. P. 8(a). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007) (citations omitted). The Court need not

credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted) (internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, (5th Cir. 2007) (footnote omitted). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

III. Analysis

As an initial matter, the Court notes that Swannie is not the

4

mortgagor and was not a party to the June 2006 loan transaction. In addition, under the deed of trust, Hendrix, the mortgagor, was precluded from transferring her interest in the property without the written consent of the lender (or its successors).[1] Given that Swannie has not alleged that such consent was given, he lacks standing to assert three of his claims.

First, Swannie lacks standing to challenge the assignment of the deed of trust from MERS to Bank of New York because he was not a party to that assignment. *See Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) ("Courts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." (citations omitted) (internal quotation marks omitted)). Therefore, his claim entitled "Fraudulent Lien Related Instrument" fails.

Second, given that Swannie lacks standing to contest the validity of the assignments of the deed of trust, he likewise cannot challenge Bank of New York's authority to foreclose on the

---

[1] Paragraph 18 of the deed of trust provides that "[i]f all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument." (Defs.' App. 10, ¶ 18.) The deed of trust defines "Interest in the Property" as "any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, **contract for deed**, installment sales contract or escrow agreement." (*Id.* (emphasis added).)

mortgage property based on a failure-of-assignment theory.  And because Swannie's claim under subsection 392.301(a)(8) of the TDCA is premised on an argument that Bank of New York lacked the authority to accelerate and foreclose on the mortgage loan, that claim must be dismissed.[2]  *See* Tex. Fin. Code Ann. § 392.201(a)(8) (West 2012) (making it unlawful for a debt collector to "threaten[] to take an action prohibited by law").

Third, considering that Swannie was not a party to the June 2006 loan transaction and that he never assumed Hendrix's interests under the loan agreement, he is not in contractual privity with Bank of New York concerning that transaction and thus lacks standing to sue Defendants for breach of contract based on a purported modification of that agreement.  *See Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 756 (Tex. App.--Fort Worth 2012, pet. dism'd) ("To establish standing to assert a breach of contract cause of action, a party must prove its privity to the agreement or that it is a third-party beneficiary.").

Furthermore, even where standing is proper, Swannie has failed to state a claim upon which relief may be granted.  Concerning Swannie's claim under subsection 392.301(a)(3) of the TDCA--which makes it unlawful for a debt collector to represent to a third party "that a consumer is wilfully refusing to pay a nondisputed

---

[2] In any event, for the reasons set forth in Defendants' principal brief, Bank of New York had the authority under the deed of trust to initiate foreclosure proceedings in the event of default. (Defs.' Br. 4-5, § IV.B.1.a.)

consumer debt when the debt is in dispute"--it is deficient because Swannie does not allege that Defendants made representations of this nature to a third party. Tex. Fin. Code Ann. § 392.301(a)(3); *see also Twombly*, 550 U.S. at 555 (stating that a court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action"). Moreover, Swannie's allegations regarding credit reporting are inapposite because he has not sufficiently pleaded a lender-borrower relationship with either of Defendants.

Swannie's claim under subsection 392.304(a)(8) of the TDCA is likewise deficient. That subsection prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt." Tex. Fin. Code Ann. § 392.304(a)(8). Swannie's amended complaint does not identify any such misrepresentation made by either of Defendants. Rather, he merely alleges in conclusory fashion that "Defendants misrepresented the character of a consumer debt ("the Loan) to third parties and to the public at large in the foreclosure process." (Am. Compl. ¶ 37.) This is insufficient to state a claim for relief.

Similarly, Swannie's negligent-misrepresentation claim fails because he has not alleged an actionable misrepresentation. While Swannie alleges that Defendants falsely represented that they would not foreclose on the mortgage property, that allegation is merely a promise to refrain from doing a future act, which cannot support

7

a claim for negligent misrepresentation.  *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007).  In any event, Swannie has not alleged facts showing that he detrimentally relied upon any misrepresentation made by Defendants.  *Federal Land Bank v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

With regard to Swannie's DTPA claim, it fails because Swannie has not alleged facts showing that he is a "consumer" within the meaning of that statute.  An individual qualifies as a consumer under the DTPA when he "seeks or acquires by purchase or lease, any goods or services."  Tex. Bus. & Com. Code Ann. § 17.45(4) (West 2012).  The term "'[g]oods' means tangible chattels or real property purchased or leased for use."  *Id.* § 17.45(1).

Swannie has not alleged that he purchased the mortgage property from Defendants.  Nor has he otherwise shown that his relationship to Defendants is in the capacity of a consumer.  But even if he had established himself as a consumer, he has not alleged facts showing that his DTPA claim arises out of the transaction in which he purchased his home.  Therefore, he has failed to state a claim for violations of the DTPA.  *See Chapa v. Chase Home Finance LLC*, No. C-10-359, 2010 WL 5186785, at *9 (S.D. Tex. Dec. 15, 2010) ("Plaintiff must demonstrate his purchase of a home forms the basis of his complaint and that Chase's alleged violations of the DTPA 'arose out of' the transaction in which Plaintiff purchased the home." (citing *Flenniken v. Longview Bank*

8

*& Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983))).

Swannie, moreover, has failed to state a claim under the Texas Property Code.  Citing section 51.0025 of that statute, Swannie contends that BAC lacked the authority to administer a non-judicial foreclosure of the mortgage property because BAC was not "acting pursuant to a servicing agreement." (Am. Compl. ¶ 51.)  As noted above, Swannie lacks standing to challenge the foreclosure of the mortgaged property and, in any event, he has not offered any authority establishing that section 51.0025 of the Texas Property Code even provides a private right of action. *See generally Brown v. De La Cruz*, 156 S.W.3d 560 (Tex. 2004) (determining that a 2001 amendment to a provision of the Texas Property Code created a private right of action while original provision of that statute did not).

Lastly, regarding Swannie's claim of unreasonable collection efforts, that claim also fails.  Under Texas law, unreasonable collection efforts is an intentional tort. *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010) (Lynn, J.). "The elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.--Dallas 2009, no pet.)).  This Court has previously noted, however, that "to recover on such a claim, a plaintiff must prove that 'a defendant's debt collection efforts amount to a

course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Id.* (quoting *Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.)). Swannie has not alleged facts showing such a course of harassment or an injury of that magnitude. Thus, he has not stated a claim for unreasonable collection efforts.

III. Conclusion

Based on the foregoing, Defendants' motion to dismiss is GRANTED. Moreover, because permitting Swannie leave to amend his complaint would prove futile, and because he has already amended his complaint, the Court DISMISSES WITH PREJUDICE all claims in the above-styled and -numbered cause.

SIGNED July 19, 2012.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE